**In the Matter of the Application for the DISCIPLINE OF John R. KROUSS, an Attorney at Law of the State of Minnesota.**

**No. CX–84–127.**

Supreme Court of Minnesota.

Sept. 4, 1984.

### ORDER

The above-entitled matter comes before this court upon the petition for disciplinary action by the Director of Lawyers Professional Responsibility and the stipulation of the parties which provides as follows:

WHEREAS, the Director filed a January 19, 1984, petition for disciplinary action against respondent;

WHEREAS, on January 20, 1984, the Director served the petition on respondent by mail, and respondent executed an admission of service dated January 30, 1984;

WHEREAS, respondent failed to file an answer or seek an extension of time during which to answer the petition;

WHEREAS, on May 11, 1984, the Director moved for summary relief pursuant to Rule 13(c), Rules on Lawyers Professional Responsibility (RLPR);

WHEREAS, by its July 2, 1984, order, the Minnesota Supreme Court deemed the allegations of the petition admitted;

WHEREAS, the court heard oral argument on July 24, 1984, giving the parties leave to submit a proposed stipulation for final disposition to the court; and

WHEREAS, respondent has concluded it is in his best interest to enter into this stipulation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1. Respondent agrees to his immediate indefinite suspension from the practice of law, except that respondent may continue his duties as (1) Lake of the Woods County Attorney and (2) general counsel for Rowell Laboratories, Inc. of Baudette, Minnesota. Respondent may apply for reinstatement after two years conditioned upon:

a. Complete restitution, with interest at the judgment rate, to Adrian Lisowski and other heirs of the Marvil Shorbahn estate who have not received their respective contract for deed payments. *See* counts one, two, three, four, five and six of the petition.

b. Respondent shall be on public probation while suspended. Respondent's probation is subject to the following terms and conditions:

i. Within two weeks of the date this stipulation is mailed to respondent or his attorney after the court's approval, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of probation. If respondent fails to nominate a supervisor acceptable to the Director, then the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by the Director.

ii. Respondent shall cooperate fully with the supervisor and with the Director's office in their efforts to monitor respondent's compliance with probation and in any investigations of further unprofessional conduct which may arise during the probation period.

iii. Respondent shall abide by the Minnesota Code of Professional Responsibility or such other rules governing attorney conduct as the supreme court may promulgate.

iv. Respondent shall initiate and maintain office procedures which ensure that he promptly responds to correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters which he is handling, and which will ensure that respondent regularly reviews each and every file which he is handling and completes legal matters entrusted to him on a timely basis.

v. Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's alleged chemical dependency before issuing the prescription. Respondent shall attend weekly meetings of Alcoholics Anonymous or other outpatient alcohol treatment program acceptable to the Director. The supervisor shall monitor respondent's attendance and report to the Director on respondent's attendance and sobriety.

vi. Respondent shall abide by all recommendations made by the Upper Mississippi Mental Health Center for treatment of respondent's alleged alcoholism. Respondent shall, upon Director's request, execute such authorizations as may be necessary for the Director and the supervisor to verify respondent's compliance with the terms of the stipulation, including his compliance with treatment recommendations.

vii. Respondent agrees that if he partakes of intoxicating liquor during the period of probation, the Director may immediately file a petition for im-

mediate suspension alleging respondent's breach of this stipulation.

2. Respondent asserts alcoholism as a mitigating factor. The Director does not, for purposes of this stipulation, admit that respondent has established the criteria in *In re Johnson*, 322 N.W.2d 616 (Minn.1982) necessary to establish alcoholism as a mitigating factor in this disciplinary proceeding. The Director reserves the right to litigate this issue if respondent breaches this stipulation.

3. This stipulation is entered into by respondent freely and voluntarily, without any coercion, duress or representations by any person except as contained herein. Respondent has been represented by counsel in this proceeding.

4. Respondent agrees to the imposition and payment of $500 in costs pursuant to Rule 24(a), RLPR.

Based upon the records, files and proceedings herein, and the stipulation of the parties,

IT IS HEREBY ORDERED:

1. Respondent John R. Krouss is hereby indefinitely suspended from the practice of law in Minnesota from and after the date of this order, except that respondent may continue his duties as (1) Lake of the Woods County Attorney and (2) general counsel for Rowell Laboratories, Inc. of Baudette, Minnesota. Respondent may apply for reinstatement after two years conditioned upon:

A. Complete restitution, with interest at the judgment rate, to Adrian Lisowski and other heirs of the Marvil Shorbahn estate who have not received their respective contract for deed payments.

B. Respondent shall be on public probation while suspended. Respondent's probation is subject to the following terms and conditions:

i. Within two weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of probation. If respondent fails to nominate a supervisor acceptable to the Director, then the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by the Director.

ii. Respondent shall cooperate fully with the supervisor and with the Director's office in their efforts to monitor respondent's compliance with probation and in any investigations of further unprofessional conduct which may arise during the probation period.

iii. Respondent shall abide by the Minnesota Code of Professional Responsibility or such other rules governing attorney conduct as this court may promulgate.

iv. Respondent shall initiate and maintain office procedures which ensure that he promptly responds to correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters which he is handling, and which will ensure that respondent regularly reviews each and every file which he is handling and completes legal matters entrusted to him on a timely basis.

v. Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's alleged chemical dependency before issuing the prescription. Respondent shall attend weekly meetings of Alcoholics Anonymous or other out-patient alcohol treatment program acceptable to the Director. The supervisor shall monitor respondent's attendance and report to the Director on respondent's attendance and sobriety.

vi. Respondent shall abide by all recommendations made by the Upper Mississippi Mental Health Center for

treatment of respondent's alleged alcoholism. Respondent shall, upon Director's request, execute such authorizations as may be necessary for the Director and the supervisor to verify respondent's compliance with the terms of the stipulation, including his compliance with treatment recommendations.

vii. If respondent partakes of intoxicating liquor during the period of probation, the Director may immediately file a petition for immediate suspension alleging respondent's breach of this stipulation.

2. The right to litigate whether respondent's alleged alcoholism is or is not a legal mitigating factor in this disciplinary proceeding is reserved as provided in the stipulation.

3. Respondent shall pay to the petitioner $500 in costs pursuant to Minn.R.Law. Prof.Resp. 24(a) within 60 days from the date of this order.